1  MICHAEL J. CUMMINS (184181)
   JOSHUA A. SOUTHWICK (246296)
2  GIBSON ROBB & LINDH LLP
   1255 Powell Street
3  Emeryville, California 94608
   Telephone:  (415) 348-6000
4  Facsimile:  (415) 348-6001
   Email:      mcummins@gibsonrobb.com
5              jsouthwick@gibsonrobb.com

6  Attorneys for Plaintiff
   TRAVELERS PROPERTY CASUALTY
7  COMPANY OF AMERICA

8              UNITED STATES DISTRICT COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10

| 11 TRAVELERS PROPERTY CASUALTY COMPANY OF 12 AMERICA | Case No.  2:22-cv-155 |
|---|---|
| 13           Plaintiff, | **COMPLAINT FOR DAMAGE TO CARGO** |
| 14      v. | (Damages in the sum of $541,457.89) |
| 15 WORLDWIDE LOGISTICS LIMITED; TOPOCEAN 16 CONSOLIDATION SERVICE (LOS ANGELES) INC.; DE WELL 17 CONTAINER SHIPPING,INC.; SOONEST EXPRESS, INC.: and T.H.I. 18 GROUP (SHANGHAI) LTD. KUL20120006 19 | |
| 20           Defendants. | |

22      Plaintiff's complaint follows:

23      1.   Plaintiff TRAVELERS PROPERTY CASUALTY COMPANY OF

24 AMERICA, ("Plaintiff"), is now, and at all times herein material was, a corporation

25 duly organized and existing by virtue of law, and was the insurer of the hereinafter

26 described shipments, as fully identified in Schedule A.

27 / / /

28 / / /

2.       Plaintiff is informed and believes that defendants WORLDWIDE LOGISTICS LIMITED; TOPOCEAN CONSOLIDATION SERVICE (LOS ANGELES) INC.; DE WELL CONTAINER SHIPPING,INC.; SOONEST EXPRESS, INC.: T.H.I. GROUP (SHANGHAI) LTD. KUL20120006 (collectively "Defendants") are now, at all times material herein were, corporations duly organized and existing by virtue of law and engaged in the business as common carriers for hire and transportation intermediaries within the United States and this judicial district, with places of business in this district.

3.       The true names of defendants named herein as DOE ONE through DOE TEN, each of whom is or may be responsible for the events and matters herein referred to, and each of whom caused or may have caused or contributed to the loss herein complained of, are unknown to plaintiff, who therefore sues said defendants by such fictitious names. Plaintiff will amend its complaint to show the true names of said defendants when the same have been ascertained.

4.       Plaintiff's complaint contains a cause of action for damage to cargo arising under a statute of the United States, namely the Carriage of Goods by Sea Act, 46 U.S.C. § 30701 note, *et. seq.* (2006) ("COGSA") and is therefore within the jurisdiction of this Court pursuant to 28 U.S.C. § 1331, as more fully appears herein. Additionally, the Court has admiralty jurisdiction over these maritime contract claims pursuant to 28 U.S.C. § 1333. These are admiralty and maritime claims within the meaning of Rule 9(h), Federal Rules of Civil Procedure, as hereinafter more fully appears.

5.       Plaintiff is informed and believes, and on the basis of such information and belief, alleges that the shipments of cargo described in Schedule A were received in good order and condition by Defendants and DOE ONE through TEN on or about the date and at the Port of Loading as identified in Schedule A. Plaintiff further alleges that in exchange for good and valuable consideration each defendant agreed to transport and carry the shipment it received, as identified in Schedule A, to

the Place of Delivery identified in Schedule A via the Port of Los Angeles, California and there deliver said shipment to the lawful owner of the shipment in the same condition as when received.

6. Each of the above shipments was placed aboard the vessel Maersk Essen for transport from a foreign Port to Los Angeles, California. During the ocean transit to Los Angeles and on or about January 16, 2021, each of the shipments was lost overboard along with more than 700 other ocean containers of cargo.

7. Following the loss, the vessel diverted to Lazaro Cardenas, where repairs were made.

8. The vessel subsequently arrived at Los Angeles, California on or about March 4, and as of that date, Plaintiff is informed and believes that many cargo owners still did not know whether their cargo was damaged or lost overboard.

9. Prior to Defendants' receipt of the shipments and any loss thereto, Plaintiff issued its policies of insurance whereby Plaintiff agreed to indemnify the owners of said shipments and their assigns against loss or damage to said shipments, and Plaintiff has heretofore become obligated to pay and has paid to the person entitled to payment under said policies of insurance on account of the loss of each shipment, and thus has become contractually and/or equitably subrogated to their rights and claims, or has been assigned the rights to recovery for the cargo loss described in Schedule A.

## FIRST CAUSE OF ACTION
### (Damage to Cargo - COGSA)

10. Plaintiff refers to and incorporates herein by reference paragraphs 1-9 as though fully set forth herein.

/ / /
/ / /
/ / /
/ / /

11. Each defendant, including DOE ONE through TEN, under contracts of carriage, namely the bills of lading identified in Schedule A and others, and in return for good and valuable consideration, agreed to carry the shipment it received, as identified in Schedule A, from a port of a foreign country to the Place of Delivery, as both identified in Schedule A, via the Port of Los Angeles, California and there deliver said shipment in the same good order, condition, and quantity as when received to the lawful owner of the shipment.

12. Thereafter, in breach of and in violation of said agreements and their duties as a common carrier of goods by sea for hire, each defendant did not deliver their respective shipment that it received in the same good order, condition, and quantity. To the contrary, each defendant and DOE ONE through TEN either failed to deliver the shipment it received, where the shipment was lost overboard during the ocean carriage to Los Angeles or delivered their respective shipment in a damaged condition. As a result, each defendant is liable for the total loss and/or damage to their respective shipment as described in Schedule A.

13. By reason of each defendant's failure to deliver the shipment it received in the same good order and condition, each defendant has caused a loss to Plaintiff in the amount of loss identified for the shipment in Schedule A, with the total loss Plaintiff sustained for all shipments equaling or estimated to be $541,457.89, no part of which has been paid by any defendant, despite demand therefor.

WHEREFORE, Plaintiff prays relief as hereinafter set forth.

### SECOND CAUSE OF ACTION
**(Breach of Contract)**

14. Plaintiff refers to and incorporates herein by reference paragraphs 1-9 as though fully set forth herein. This cause of action is plead in the alternative.

15. Each defendant, including DOE ONE through TEN, under contracts of carriage, namely the bills of lading identified in Schedule A and others, including

without limitation Service Agreement(s), and in return for good and valuable consideration, agreed to transport and carry the shipment it received, as identified in Schedule A, to the Place of Delivery identified in Schedule A via the Port of Los Angeles, California and there deliver said shipment in the same good order, condition, and quantity as when received to the lawful owner of the shipment.

16. In breach of said contract, each defendant did not deliver the shipment it received in the same good order, condition, and quantity as when received. To the contrary, each defendant a failed to deliver the shipment in the same condition as received, as each shipment was lost overboard and/or damaged during the ocean carriage.

17. By reason of each defendant's failure to deliver the shipment it received in the same good order and condition, each defendant has caused a loss to Plaintiff in the amount of loss identified for the shipment in Schedule A, with the total loss plaintiff sustained for all shipments equaling or estimated to be $541,457.89, no part of which has been paid by any defendant, despite demand therefor.

WHEREFORE, Plaintiff prays relief as hereinafter set forth.

## THIRD CAUSE OF ACTION
### (Bailment)

18. Plaintiff refers to and incorporates herein by reference paragraphs 1-9 as though fully set forth herein. This cause of action is plead in the alternative.

19. In receiving and arranging for the shipments of cargo, either by themselves or through their agents, each defendant, including DOE ONE through TEN acted as bailees for hire, setting up a bailment agreement as a matter of law. In breach of said bailment agreement, each defendant failed to safely deliver the shipment it received, as identified in Schedule A, in the same good order and condition. To the contrary, each shipment was never delivered or delivered damaged.

20. By reason of each defendant's failure to deliver the shipment it received in the same good order and condition, each defendant has caused a loss to Plaintiff in the amount of loss identified for the shipment in Schedule A, with the total loss Plaintiff sustained for all shipments equaling or estimated to be $ 541,457.89, no part of which has been paid by any defendant, despite demand therefor.

WHEREFORE, Plaintiff prays relief as hereinafter set forth.

## FOURTH CAUSE OF ACTION

**(Damage to Cargo – Harter Act, 46 U.S.C. § 30704)**

21. Plaintiff refers to and incorporates herein by reference paragraphs 1-9 as though fully set forth herein. This cause of action is pled in the alternative.

22. Each defendant, including DOE ONE through TEN, under contracts of carriage, namely the bills of lading identified in Schedule A and others, including without limitation shipping documents, and in return for good and valuable consideration, agreed to carry the shipment it received, as identified in Schedule A, from a port of a foreign country to the Place of Delivery, as both identified in Schedule A, via the Port of Los Angeles, California and there deliver said shipment in the same good order, condition, and quantity as when received to the lawful owner of the shipment.

23. Thereafter, in breach of and in violation of said agreements and their duties as a common carrier of goods by sea for hire, each defendant did not deliver their respective shipment that it received in the same good order, condition, and quantity. To the contrary, each defendant either failed to deliver the shipment it received, where the shipment was lost overboard during the ocean carriage to Los Angeles or delivered their respective shipment in a damaged condition. As a result, each defendant is liable for the total loss and/or damage to their respective shipment as described in Schedule A.

/ / /

24. By reason of each defendant's failure to deliver the shipment it received in the same good order and condition, each defendant has caused a loss to Plaintiff in the amount of loss identified for the shipment in Schedule A, with the total loss Plaintiff sustained for all shipments equaling or estimated to be $ $ 541,457.89, no part of which has been paid by any defendant, despite demand therefor.

WHEREFORE, Plaintiff TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA prays for relief as follows:

A. That this Court enter judgment in its favor and against each defendant for the amount of Plaintiff's damages;

B. That this Court decree payment by each defendant and to Plaintiff in the sum of the amount of loss identified in Schedule A for the shipment each defendant received or another amount to be proven a trial, together with contractual attorneys' fees, prejudgment interest thereon and costs of suit herein;

C. That Plaintiff have such other and further relief as in law and justice it may be entitled to receive.

Respectfully submitted,

Dated: January 7, 2022            GIBSON ROBB & LINDH LLP

/s/ JOSHUA A. SOUTHWICK
Joshua A. Southwick
jsouthwick@gibsonrobb.com
Attorneys for Plaintiff
TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA

## SCHEDULE A

| Shipment | Carrier / Defendant | Bills of Lading Nos: | Container Nos.: | Cargo | Port of Loading | Loading Date | Place of Delivery | Amount of Loss |
|---|---|---|---|---|---|---|---|---|
| (A) | Worldwide Logistics Limited | WVNOE2012134 | TCNU1558991; TLLU5119133 | Cooler Bags | Cai Mep, Vietnam | 12/13/2020 | Chicago, IL | $43,412.80 |
| (B) | Worldwide Logistics Limited | WVNOE2011196 | MEDU4453029; MEDU8853126; BMOU4275498 | Cooler Bags | Phnom Penh, Cambodia | 12/13/2020 | Chicago, IL | $67,619.20 |
| (C) | Worldwide Logistics Limited | WVNOE2011280 | MSKU9962042 | Kits for Furniture | Ho Chi Minh City, Vietnam | 12/9/2020 | Memphis, TN | $64,955.09 |
| (D) | Soonest Express, Inc. | XMNLAX20C084 | CAIU7578883 | KD Furniture | Xiamen, China | 12/25/2020 | Los Angeles, CA | $44,950.00 |
| (E) | Topocean Consolidation Service (Los Angeles) Inc. | FUZLAXKC4098 | TCNU3144521; TEMU8116224; CAIU8392743 | Metal and Wooden Products | Fouzhou, China | 12/20/2020 | Los Angeles, CA | $261,747.17 |
| | | FUZLAXKC4101 | MEDU8450959; FSCU8968899; MSDU7862898; MEDU8190492 | Metal and Wooden Products | Fouzhou, China | 12/22/2020 | Los Angeles, CA | |
| | | FUZLAXKC4104 | CAXU7422296 | Metal and Wooden Products | Fouzhou, China | 12/22/2020 | Los Angeles, CA | |
| | De Well Container Shipping, Inc. | SFOCS0000855 | DFSU7789804; MEDU7252199 | Metal and Wooden Products | Fouzhou, China | 12/22/2020 | Los Angeles, CA | |
| (F) | T.H.I. Group (Shanghai) Ltd. | KUL20120006 | MSKU1946852 | Drop Cloths | Port Klang, Malaysia | 12/2/2020 | Phoenix, AZ | $58,773.63 |